UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENIFER ARELLANO and HENRY ARELLANO,<br><br>                Plaintiffs,<br><br>     v.<br><br>PROGRESSIVE DIRECT INSURANCE COMPANY,<br><br>                Defendant. | CASE NO. 2:23-cv-01608-LK<br><br>ORDER GRANTING STIPULATED MOTION TO REMAND TO STATE COURT |

This matter comes before the Court on the parties' Stipulation to Remand to State Court. Dkt. No. 11. For the reasons discussed below, the parties' stipulated motion is granted.

Defendant Progressive Direct Insurance Company removed this uninsured motorist benefits action from Snohomish County Superior Court on October 19, 2023. Dkt. No. 1; *see* Dkt. No. 1-2 (state court complaint). Although Plaintiffs bring only state law claims, *see* Dkt. No. 1-2 at 3–9, Progressive asserted the existence of diversity jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy appeared to exceed $75,000. Dkt. No. 1 at 2–4; *see also* Dkt. No. 2 at 2–3 (defense

counsel's declaration in support of removal noting, among other things, that Plaintiffs' counsel was unwilling to confirm over the phone that either Plaintiff would seek less than $75,000 in damages).

Now, Plaintiffs have "stipulated and confirmed that they each seek damages and other sums in this lawsuit in the total amount of $74,999.00 or less[.]" Dkt. No. 11 at 1; *see* Dkt. No. 11-1 at 2–3 (stipulation regarding damages). Accordingly, the parties agree that this case should be remanded to Snohomish County Superior Court and that they should bear their own costs and fees associated with removal and remand. Dkt. No. 11 at 2.

Individual plaintiffs "are the masters of their complaints" and may stipulate to amounts at issue that fall below the federal jurisdictional requirement "to obtain a remand to state court[.]" *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013). "[T]he key characteristic about those stipulations is that they are legally binding on all plaintiffs." *Id.* In this case, in light of the parties' stipulation binding Plaintiffs to seek less than $75,000 in damages and fees, and given that Plaintiffs' claims all sound in state law, the Court finds it appropriate to remand this case to state court. *See, e.g.*, *Winkle v. Wal-Mart Stores, Inc.*, No. 2:19-CV-00411-SAB, 2020 WL 908116, at *2 (E.D. Wash. Feb. 25, 2020).

Accordingly, IT IS HEREBY ORDERED:

1. The parties' Stipulation to Remand to State Court, Dkt. No. 11, is GRANTED;

2. The above-captioned case is REMANDED to the Superior Court for Snohomish County in the State of Washington;

3. Each party shall bear their own costs and fees associated with removal and remand;

4. The Clerk of the Court shall mail a certified copy of this Order to the Clerk of the Court for the Superior Court for Snohomish County;

4. The Clerk of the Court shall also transmit the record herein to the Clerk of the Court for the Superior Court for Snohomish County; and

5. The Clerk of Court shall CLOSE this case.

Dated this 26th day of October, 2023.

Lauren King
United States District Judge

ORDER GRANTING STIPULATED MOTION TO REMAND TO STATE COURT - 3